IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2012 DEC 28 P 12: 21

| | |
|---|---|
| JENNIFER CLARK, as personal representative of the estate of JEREMY CLARK,<br>*Plaintiff*, | §<br>§<br>§<br>§ |
| v. | § CIVIL ACTION NO. 1:12-cv-1122-MHT-TFM<br>§ JURY |
| JOEY BAMBERGER, THOMAS CONGER, ROLLS-ROYCE CORPORATION, ARMY FLEET SUPPORT, LLC, L-3 COMMUNICATIONS CORPORATION, and FICTITIOUS DEFENDANTS 1-30,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

COME NOW the Defendants Rolls-Royce Corporation ("RRC"), Joey Bamberger, Thomas Conger, and Army Fleet Support, LLC ("AFS") (hereinafter referred to as the "Removing Defendants"), along with L-3 Communications Corporation ("L-3"), pursuant to 28 U.S.C. §§ 1331, 1441, 1442 and 1446, and give notice to this Court of the removal of Case No. CV-12-900151 from Dale County, Alabama's Circuit Court to the United States District Court for the Middle District of Alabama, Southern Division. In support thereof the Removing Defendants and L-3 state:

### I.
### BACKGROUND

1. This is a wrongful death lawsuit arising from a United States Army helicopter accident that occurred on or about December 14, 2010 at the Fort Rucker U.S. Army post in Dale County Alabama, in which Plaintiff alleges her decedent was fatally injured as a result of the Defendants' negligence. (*See Compl.*, ¶ 1, at p. 1, attached as Exhibit A).

2. On November 29, 2012, Plaintiff filed her Complaint in the Circuit Court of Dale County, Alabama under Case No. CV-12-900151. (Exh. A (Compl.)).

**NOTICE OF REMOVAL – Page 1**

3. Plaintiff brings suit against Defendants for compensatory damages as set forth under the applicable law. (*Id.* at p. 1-10)

4. RRC was served with summons and Plaintiff's Complaint on December 6, 2012. *See* Exhibit B.

5. Defendants Joey Bamberger and Thomas Conger were both served with summons and Plaintiff's Complaint on December 12, 2012 and December 6, 2012, respectively. *See* Exhibits C and D.

6. Defendants AFS and L-3 Communications Corporation were both served with summons and Plaintiff's Complaint on December 6, 2012. *See* Exhibit E and F.

7. Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, copies of all records on file in the state court action are attached as Exhibit G.

## II.
## GROUNDS FOR REMOVAL

### A. Federal Enclave Removal Jurisdiction

8. This Court has federal question jurisdiction over this action and the Removing Defendants and L-3 are thus entitled to remove this action under 28 U.S.C. §§1331 and 1441(a).

9. Plaintiff's causes of action are based on claims pertaining to a U.S. Army helicopter accident that occurred on December 14, 2010. The alleged negligent conduct by the Defendants and the accident occurred within the boundaries of territory that is subject to the exclusive jurisdiction of the United States at Fort Rucker U.S. Army post, a federal enclave. Consequently, Plaintiff's claims are federal causes of action since the alleged negligent conduct and Plaintiff's decedent's alleged injuries occurred on a federal enclave. *See* U.S. Const. Art. I, §8 cl. 17(giving the Federal Government jurisdiction "over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other

needful Buildings"); 16 U.S.C. §457. "Personal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998). Federal Courts in Alabama have similarly held that personal injury actions that occur on federal enclaves "arise under" federal law and allow for removal pursuant to 16 U.S.C. § 457. *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1329 (N.D. Ala.) (finding defendants entitled to assert federal jurisdiction in accordance with the federal enclave statute). Accordingly, removal is proper.

### B.   Federal Officer Removal Jurisdiction

10. As an alternative ground for removal, the Removing Defendants contend this case is removable under 28 U.S.C. §1442(a)(1).

11. More specifically, to the extent Plaintiff contends the Removing Defendants inspected, serviced, maintained and/or repaired the helicopter, its engine and its component parts at issue in this suit, the Removing Defendants: (i) are persons; (ii) which acted under color of federal authority – the U.S. Army; (iii) have a colorable federal defense – the government contractor defense; and (iv) there is a causal nexus between the claims and the conduct performed under color of a federal office. As such, removal to this Court is permitted. *See Corley.*, 688 F. Supp. 2d at 1335 (federal officer removal applied to federal contractor); *Morgan v. Bill Vann Co., Inc.*, 2011 WL 605083, *10 (S.D. Ala. Dec. 6, 2011) (removal under §1442(a)(1) asserting government contractor defense was proper).

### III.
### REMOVAL PROCEDURE

12. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days after all the Defendants' receipt of summons and Plaintiff's Complaint.

13.     All Defendants complied with all applicable provisions of 28 U.S.C. §1441 *et seq.*, the applicable *Federal Rules of Civil Procedure* and the Local Rules in this District.

14.     The Defendants attach those materials required to be filed upon removal in accordance with Local Rule 81.1, Local Rules for the United States District Court, Middle District of Alabama.

15.     The filing fee of $350.00 has been tendered to the Clerk of the United States District Court for the Middle District of Alabama, Southern Division, along with the original Notice of Removal.

16.     The Defendants have given notice, simultaneously with the filing of this Notice of Removal, to Plaintiff, Defendants and the Circuit Court of Dale County, Alabama and have filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Dale County, Alabama. A copy of this Notice is attached as Exhibit H.

## IV.
## CONCLUSION

18.     The Defendants give notice that Case No. CV-12-900151 in the Circuit District Court of Dale County, Alabama is hereby removed from State Court to the United States District Court for the Middle District of Alabama, Southern Division.

WHEREFORE, all Defendants pray that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the State Court in accordance with law, and for any such other or further relief to which they may show itself justly entitled.

Respectfully submitted,

By: /s/ Robert W. Bradford
ROBERT B. BRADFORD, JR.
Alabama State Bar No. BRA028/ASB-5700-A43R
rwbradford@hilhillcarter.com
Roy (Royal) C. Dumas
Alabama State Bar No. DUM008/ASB-1404-R60D
rdumas@hilhillcarter.com
**HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.**
P.O. Box 116
Montgomery, AL 36101
(334) 834-7600 – telephone
(334) 263-5969 - facsimile

*pro hac vice to be filed*

ROBERT F. RUCKMAN*
Texas State Bar No. 17367000
rruckman@jw.com
STUART B. BROWN, JR.*
Texas State Bar No. 24006914
bbrown@jw.com
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 - telephone
(214) 953-5822 - facsimile

ATTORNEYS FOR DEFENDANT
ROLLS-ROYCE CORPORATION
JOEY BAMBERGER
THOMAS CONGER

Respectfully submitted,

By: /s/ Phillip R. Collins
PHILLIP R. COLLINS
Alabama State Bar No. COL097/coll8162
pcollins@huielaw.com
**HUIE, FERNAMBUCQ & STEWART LLP**
2801 Highway 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193 – telephone
(205) 251-1256 - facsimile

JACK STRAUCH*
North Carolina State Bar No. 22341
jstrauch@sfandglaw.com
**STRAUCH FITZGERALD & GREEN, P.C.**
530 North Trade St., Suite 303
Winston-Salem, NC 27101
(336) 837-1061 - telephone
(336) 725-8667 – facsimile

ATTORNEYS FOR DEFENDANT
ARMY FLEET SUPPORT, LLC
L-3 COMMUNICATIONS CORP.

*pro hac vice to be filed*

## CERTIFICATE OF SERVICE

I hereby certify this 28th day of December 2012, a true and exact copy of the foregoing document has been forwarded to all counsel of record by the method indicated below:

**VIA CERTIFIED MAIL, RRR**
Robert T. Cunningham
CUNNINGHAM BOUNDS LLC
P.O. Box 66705
Mobile, AL  36660
*Attorney for Plaintiff*

_____
OF COUNSEL