IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER CLARK, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 1:12cv1122-MHT |
| | ) | (WO) |
| v. | ) | |
| | ) | |
| JOEY BAMBERGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The court being of the opinion that it has jurisdiction in this case because the alleged accident occurred at Fort Rucker, Alabama, see Mater v. Holley, 200 F.2d 123, 124-25 (5th Cir. 1952) (federal courts have concurrent 'enclave jurisdiction' over incidents occurring on federal land pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction)),* and because the defendants have shown a colorable defense arising from their duty to enforce federal law, see Magnin v. Teledyne

---

*In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

<u>Continental Motors</u>, 91 F.3d 1424, 1427 (11th Cir. 1996) (removal to federal court is proper under 28 U.S.C. § 1442(a)(1) where suit in state court is brought against a federal officer for actions under color of federal office), it is ORDERED as follows:

   (1) Plaintiff Jennifer Clark's notice of withdrawal (doc. no. 28) is treated as a motion to withdraw and said motion is granted.

   (2) Plaintiff Clark's motion to remand to state court (doc. no. 16) is withdrawn.

   It is further ORDERED that plaintiff Clark's motion to reply (doc. no. 26) is denied as moot.

   DONE, this the 25th day of February, 2013.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE